**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5061-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARL WILES, a/k/a EUGENE
WILES, and CARL WILIS,

     Defendant-Appellant.

_____

> Submitted May 8, 2019 – Decided May 24, 2019
>
> Before Judges Koblitz and Mayer.
>
> On appeal from Superior Court of New Jersey, Law Division, Camden County, Accusation Nos. 07-12-4099 and 07-12-4100.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).
>
> Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Carl Wiles appeals from an April 6, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because defendant's petition is time-barred under Rule 3:22-12(a)(1) and otherwise lacks merit.

We summarize the facts leading to defendant's arrest.[1] In July 2007, police responded to reports of a shooting in which a male, later identified as defendant, was shot. Defendant spoke to the police at the hospital where he was treated for a gunshot wound. The police did not believe defendant was telling the truth about the shooting and thought defendant was withholding the identity of the shooter or shooters.

The police subsequently learned defendant violated probation and arrested him. In connection with the arrest, the police obtained a search warrant for defendant's home and found a gun and drugs in plain view.

Following his arrest, defendant gave a statement to the police. Because he was a juvenile, defendant's mother accompanied him to the police station. She gave written consent to the police to question her son. Defendant's mother

---

[1] Defendant was a juvenile at the time of his arrest. He voluntarily waived prosecution in the family court and the matter was referred to adult court.

did not speak to defendant prior to granting the police permission to speak with her son.

The police conducted an unrecorded interview that lasted approximately two and one-half hours. Defendant's mother was not present but was seated near the interrogation room during the unrecorded interview.

As part of the unrecorded interview, defendant explained that he fired his gun at three males because they were shooting at him. The police then stopped the interview and read defendant his Miranda[2] rights. Defendant waived his rights and proceeded with a recorded interview. During the twenty-minute recorded interview, defendant repeated his statements regarding the shooting.

Defendant was charged with two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), under Accusation No. 07-12-4099, and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), under Accusation No. 07-12-4100.

Defendant entered a guilty plea on all three counts. The State agreed to recommend a seven-year sentence with a parole ineligibility period of eighty-five percent under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on each of the aggravated assault counts to run concurrently with each other, and a

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

concurrent seven-year term on the possession of a weapon count. In accordance with the State's recommendation, the judge sentenced defendant to an aggregate seven-year prison term with a parole ineligibility period of eighty-five percent under NERA. A judgment of conviction was entered on April 1, 2008. Based on a joint application by the State and defense counsel, an amended judgment of conviction was entered on June 6, 2008.

Defendant filed his PCR petition on April 28, 2016. Judge John Thomas Kelley heard argument on defendant's PCR application on April 6, 2018.[3] In a thorough and well-reasoned oral decision, the judge denied defendant's petition, concluding the application was time-barred. Despite the untimeliness of the petition, Judge Kelley also considered defendant's application on the merits, concluding defendant failed to establish a prima facie case of ineffective assistance of counsel.

Judge Kelley evaluated the merits of defendant's claim that his trial counsel should have filed a motion to suppress his statement to the police based on defendant's status as a juvenile. In accordance with State v. Presha, 163 N.J. 304 (2000), the judge assessed the admissibility of defendant's statement to the

---

[3] Because defendant was incarcerated in an out-of-state prison facility, counsel had difficulty reviewing the PCR brief and certification with her client, explaining, in part, the two-year delay.

police.  Judge Kelley considered defendant's age, education, intelligence, advice as to his constitutional rights, length of his detention, whether the questioning was repeated and prolonged in nature, whether physical punishment or mental exhaustion was involved, and any prior encounters with law enforcement.  Id. at 317-22.  In weighing these factors, the judge concluded that if defendant's trial counsel had made a motion to suppress the recorded statement to the police, it would not have been successful as defendant's "statement was given knowingly, intelligently, and voluntarily."  Because the judge held defendant would not have prevailed had a suppression motion been filed, he determined defendant's trial counsel could not have been ineffective.

Defendant raises the following argument on appeal:

> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS ATTORNEY FAILED TO FILE A MOTION FOR A MIRANDA[] HEARING.  THIS POST-CONVICTION RELIEF PETITION SHOULD BE HEARD DESPITE ITS UNTIMELINESS AS IT IS DUE TO EXCUSABLE NEGLECT AND ALSO THE INTERESTS OF JUSTICE DEMAND IT.

Our court rules preclude PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result

5

in a fundamental injustice . . . ." R. 3:22-12(a)(1)(A). To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

Defendant contends he demonstrated excusable neglect, and rigid enforcement of the time bar will result in a fundamental injustice. He claims the sentencing judge and defense counsel failed to advise him he could file a PCR petition within five years of his conviction.

Defendant's amended judgment of conviction was entered on June 6, 2008, and his PCR petition was not filed until April 2016, far exceeding the five-year time period set forth in Rule 3:22-12(a)(1). We agree with Judge Kelley that defendant failed to demonstrate excusable neglect or a fundamental injustice to overcome the five-year limitation for filing his PCR petition. Neither the sentencing judge nor defense counsel were obligated to advise defendant of the ability to file a PCR petition. Defendant's ignorance of the law does not constitute excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000).

Regardless of the time bar, defendant failed to satisfy his burden to show ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test in Strickland v.

Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). The defendant must then show that counsel's deficient performance prejudiced the defense. Ibid. To show prejudice, the defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction . . . ." Id. at 58.

Having reviewed the record, defendant's PCR petition lacked substantive merit for the reasons expressed by Judge Kelley. Defendant failed to establish a prima facie case under either prong of the Strickland test.

Because defendant failed to allege facts sufficient to support a prima facie case of ineffective assistance of counsel, no evidentiary hearing was required. State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5061-17T2